United States District Court
Southern District of Texas
**ENTERED**
November 09, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF GENERAL SUPPLY & SERVICES INC; dba GEXPRO, §§§§§ Plaintiffs, § VS. § VERITAS SUPPLY, INC., *et al*, §§§§ Defendants. § | CIVIL ACTION NO. 4:15-CV-771 |

## ORDER AND OPINION

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Document No. 12). Defendants have filed a Response opposing Plaintiff's Motion (Document No. 18). After considering the Motion and the Response, the Court finds that Plaintiff's Motion should be granted.

**Parties' Motions**

Plaintiff seeks to amend its complaint, because "(1) it did not know the legal or real contractual relationship between Kiewit and Veritas until Defendants filed their Motion to Dismiss; (2) to clarify the Plaintiff's claims against Defendants and more thoroughly demonstrate their conduct on this project; and (3) to provide more detail to the factual and legal claims now that Plaintiff knows more about the upstream contracts" (Document No. 12 at 2). Defendants are opposed to Plaintiff's Motion on the grounds that "Plaintiff knew or should have known the purported basis for both new causes of action when it filed its First Amended Complaint" and because any additions to Plaintiff's Complaint will be futile, as it cannot survive a motion to dismiss (Document No. 18 at 1-2).

**Standard of Review**

As Plaintiff has already amended its Complaint once, Rule 15(a)(2) of the Federal Rules of Civil Procedure applies to Plaintiff's Motion. Rule 15(a)(2) states that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Defendants have not consented in this case; therefore, the determination is within the discretion of the Court. "[T]he language of this rule evinces a bias in favor of granting leave to amend. Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)(citations omitted). The Fifth Circuit considers five factors in making such a determination: "1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. Absent any of these factors, the leave sought should be freely given." *Alcala v. Texas Webb Cnty.*, 620 F. Supp. 2d 795, 807-08 (S.D. Tex. 2009)(citations omitted).

Three months have elapsed from the filing of Plaintiff's initial Complaint on March 25, 2015 to the filing of the instant motion on June 22, 2015. Furthermore, the current scheduling order asks that the parties file any motions to amend by January 8, 2016 (Document No. 24), so Plaintiff is within the timeframe provided by the Court. There is no evidence of bad faith or dilatory motive in this case, and Plaintiff has only amended its Complaint once since the outset of the case. Therefore the first three factors are not present here.

There will not be any undue prejudice to the Defendants in this case, because the case has been pending for a short amount of time, and Defendants also have until January 8, 2016 to amend their pleadings. The remaining factor is the "futility of the amendment." *Alcala*, 620 F.

Supp. 2d at 808. Any consideration of the futility of the amendment would essentially become a ruling on Defendants' pending Motion to Dismiss (Document No. 9). Because both parties have until January 8, 2016 to amend their pleadings, the Court will not find that Plaintiff's amendment is futile at this time.

Courts vary on the issue of whether an "amended complaint automatically renders moot Defendants' pending motion for judgment on the pleadings." *Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *4 (S.D. Tex. Aug. 6, 2014)(citing *Melson v. Vista World Inc. & Assocs.*, Civ. A. No. 12-135, 2012 WL 6002680, at *12 (E.D.La. Nov. 30 2012)). In its *Thomas* opinion, this Court cited a legal treatise for the proposition that:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading ... To hold otherwise would be to exalt form over substance.

*Id*. (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2010)). The Court therefore did not find defendants' motion to dismiss to be moot, but chose to rule on the motion "as though it were in response to Thomas's [Plaintiff's] amended complaint." *Id*. at *5. This Court will do the same if Defendants choose not to amend their Motion to Dismiss. The fact that Defendants are not required to amend or re-file their motion further demonstrates that they will not suffer any undue prejudice by Plaintiff's amendment. Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Document No. 12) is GRANTED. Plaintiffs Second Amended Complaint (Document No. 13), previously filed on June 22, 2015, WILL BE considered properly filed in this case.

SIGNED at Houston, Texas, this 4th day of November, 2015.

                                          MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE